## ELHANAN W. KNOUFF
### v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

SWORN OFFICER WITH JURY—PRESUMPTION.—In criminal cases the jury should be placed in charge of a sworn officer, but it is not necessary that the record should show that fact. The presumption is that the court performed its duty, and if the officer was not in fact sworn, objection should be made at the time and the point preserved by a bill of exceptions.

ERROR to the County Court of Jackson county; the Hon. GEORGE W. ANDREWS, Judge, presiding. Opinion filed April 2, 1880.

Messrs. ALBRIGHT & WHITE, for plaintiff in error, cited, Rev. Stat. 1874, 411 § 435; McIntyre v. The People, 38 Ill. 514; Gibbons v. The People, 23 Ill. 518.

PER CURIAM. The plaintiff in error was convicted upon an indictment for selling intoxicating liquors without license.

A reversal of the judgment is asked, on the ground of alleged errors of the court in giving and refusing instructions. As the instructions have not been preserved in a bill of exceptions, we cannot examine and see whether the points made thereon are well made or not. The mere fact that the clerk in making up a transcript of the record has improperly copied therein what purports to be instructions, does not make the matter so copied a part of the record. It is for the court and not for the clerk to certify what instructions were given and what refused on the trial. It is also urged the court erred in permitting the jury to retire to consider of their verdict, without plac-

St. L. & S. E. R'y Co. v. Cloud.

ing them in the charge of an officer sworn expressly for that purpose. It appears from the record the jury retired to consider of their verdict in charge of the deputy sheriff, but it does not appear the proper oath was not administered to him. In criminal cases it is the duty of the court to place the jury in charge of a sworn officer, but it is not necessary the record should show that fact.

The presumption is that the court performed its duty in that regard. If the officer is not in fact sworn the irregularity should be objected to at the time, and the point preserved by a bill of exceptions. McKinney v. The People, 2 Gil. 540; Holmes v. The People, 5 Ib. 478; Gibbons v. The People, 23 Ill. 518; McIntyre v. The People, 38 Ib. 514.

The judgment of the court below must be affirmed.

Affirmed.